[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15101
Non-Argument Calendar
_____

Agency No. A205-122-926

FRANCISCO BALAM-RUIZ,
a.k.a. Leonel M. Deleon Roblero,
a.k.a. Leonel M. Roblero,
a.k.a. Leonel Roblero,

                                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 26, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Franciso Balam-Ruiz, a.k.a. Leonel Deleon Roblero ("Deleon"), a citizen of Guatemala, seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal under the Immigration and Nationality Act ("INA").[1]

Deleon's application claimed that he was persecuted in Guatemala by the Mara Salvatrucha street gang ("the Maras") because, as a catechist in his local Roman Catholic Church, he had refused to join the Maras and had preached to others in his hometown not to join the Maras. The IJ and the BIA denied Deleon's application, concluding, inter alia, that Deleon had not shown past persecution on account of a protected ground.[2] Specifically, the IJ and the BIA determined that Deleon was not a member of a "particular social group."

On appeal, Deleon argues that the BIA erred in concluding that "religious teachers who oppose gang membership and deter other[s] from joining such gangs"

---

[1]The petitioner is referred to as Francisco Balam-Ruiz, Francisco Milan-Ruiz, and Leonel De Leon, among other variations, throughout the administrative record. The petitioner contends the name Francisco Balam-Ruiz, by which he was identified in his Notice to Appear, was the name he used to enter Mexico en route to the United States, and that his real name is Leonel Deleon Roblero. We refer to the petitioner as Deleon.

[2]In the Immigration Court, Deleon also claimed persecution on account of political opinion and religion and alleged that, in addition to being targeted by the Maras, he was threatened by the Pentecostals. Before this Court, however, Deleon challenges the denial of withholding of removal only with respect to his claims of past and future persecution by the Maras on account of his membership in a particular social group. Deleon also does not challenge the BIA's conclusions that his asylum application was untimely and that he was not entitled to relief under the Convention Against Torture. Thus, Deleon has abandoned these claims. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

are not a "particular social group" within the meaning of the INA.  After review, we deny Deleon's petition for review.[3]

To qualify for withholding of removal, an applicant must establish that his "life or freedom would be threatened in [his] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).  The applicant must show that it is more likely than not that he will be persecuted on account of a protected ground if returned to his home country, and a showing of past persecution creates a rebuttable presumption that the applicant will likely be persecuted in the future. Cendejas Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1308 (11th Cir. 2013).

While Congress did not define the phrase "particular social group," the BIA formulated a definition in Matter of Acosta, 19 I. & N. Dec. 211 (BIA 1985), which this Court has concluded is entitled to Chevron deference.  See Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196-97 (11th Cir. 2006) (affirming the BIA's conclusion that noncriminal informants working against the Cali drug cartel in Colombia are not a particular social group).  Under the Acosta formulation, a "particular social group" means a group of persons who share a common

---

[3]Where, as here, the BIA did not expressly adopt the IJ's decision or rely on his reasoning, we review only the BIA's decision.  See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  We review de novo the BIA's legal conclusion as to whether an asserted group qualifies as a particular social group under the INA.  Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006).

characteristic that is immutable or fundamental to its members' individual identities or consciences.  Castillo-Arias, 446 F.3d at 1193-94.  Furthermore, the group must have sufficient "social visibility," and persecution based on membership in a particular social group should not be defined so broadly that it becomes "a catch-all for all groups who might claim persecution."  Id. at 1196-97.  Thus, a particular social group must not be too numerous and inchoate, and the group's defining attribute cannot be its persecution alone.  Id. at 1198-99.

The BIA did not err in concluding that religious teachers in Guatemala who oppose gang membership and deter others from joining gangs are not a "particular social group" under the INA.  According to the 2013 World Report for Guatemala, created by Human Rights Watch, transnational gangs such as the Maras carry out attacks on those who defy their control.  Similar to the petitioners in Castillo-Arias, Deleon has not established that his purported social group was treated any differently by the Maras than any other individual in Guatemala that the gang perceives as interfering in its activities.  See id. at 1198.  Consequently, Deleon has not distinguished his particular social group from people who oppose criminal organizations generally, and this Court and the BIA have concluded that people who oppose criminal organizations do not constitute a particular social group.  See id.; Matter of S-E-G-, 24 I. & N. Dec. 579, 581, 590 (BIA 2008) (addressing persons who resist the Maras in El Salvador); Matter of E-A-G-, 24 I. & N. Dec.

4

591, 594-95 (BIA 2008) (addressing persons who resist the Maras in Honduras). Contrary to Deleon's arguments, the defining attribute of his proposed particular social group is persecution by gangs, and the defining attribute of a particular social group cannot be persecution.  See Castillo-Arias, 446 F.3d at 1198 (explaining that Colombian informants are not a "particular social group" because their "defining attribute is their persecution by the cartel").

For these reasons, the BIA did not err in denying Deleon's application for withholding of removal.[4]

**PETITION DENIED.**

---

[4]Because we affirm based on the BIA's conclusion that Deleon failed to show that the Maras's targeting of him was in the past, or will be in the future, on account of his membership in a particular social group, we do not address Deleon's other arguments relating to persecution.